Filed 12/8/22  P. v. Phang CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VINH THE PHANG,<br><br>    Defendant and Appellant. | A165099<br><br>(Sonoma County<br>Case No. SCR146751) |

In 1988, a jury convicted defendant Vinh The Phang of the murder of Johnny Fong.  The trial court sentenced him to 25 years to life in prison.

In 2021, Phang petitioned for resentencing under former Penal Code section 1170.95,[1] now section 1172.6.[2]  The trial court denied the petition on the basis that Phang had not made a prima facie case showing entitlement to resentencing.  On appeal, Phang argues he was entitled to an evidentiary hearing on his petition and the People concede the matter should be

---

[1]    All undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Throughout this opinion, we cite to section 1172.6 for ease of reference.

1

remanded for further proceedings under section 1172.6. We agree with the parties and reverse the order denying Phang's resentencing petition. On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing on whether Phang is entitled to relief under section 1172.6.

## FACTUAL AND PROCEDURAL BACKGROUND

The background facts in this section are taken from the People's motions to dismiss Phang's resentencing petition. The prosecution compiled these facts from the record in *People v. Phang*, Case No. SCR14675, filed motions in the same matter, as well as probation reports, transcripts taken during trial, and appellate briefing. None of the underlying materials are included in the appellate record.

In early 1987, Phang worked for Albert Hseuh at his restaurant in St. Louis, Missouri and at his house in Baldwin, Missouri. In March 1987, a gun was taken from Hseuh's house during a burglary.

On May 19, 1987, Phang was in the Bay Area, having received a traffic citation in San Mateo, California.

On May 21, 1987, the deceased body of Johnny Fong, a Chinese businessman who lived in Hillsborough, California a few weeks a year, was found next to his car in a parking lot in Petaluma, California. The cause of death was two gunshot wounds to the head. The gold Rolex watch worn by Fong and his wallet were not found. Phang knew Fong, as Phang's sister was married to Fong's brother. Phang had visited Fong's house in Hillsborough in 1982.

On May 27, 1987, Canadian Customs officers stopped Phang and two male passengers in a car at the Canadian border. In the trunk, the customs officers found a loaded gun inside a duffel bag along with coveralls that only

2

fit Phang. The gun was identified as the one stolen from Hseuh and used to kill Fong. Fong's Rolex watch was also found in the trunk in a separate briefcase. Phang was arrested for bringing the firearm into Canada, connected to Fong's murder, and extradited to Sonoma County to face prosecution. Neither of the men stopped with Phang were charged in Fong's murder.

In February 1988, a jury convicted appellant of first degree murder under section 187, subdivision (a) but found not true the allegation that he had personally used a firearm in the commission of the murder. The court sentenced Phang to 25 years to life in prison.

In January 2019, Phang filed a petition for resentencing pursuant to section 1172.6 on his first degree murder conviction. In his petition – a form list with various statements checked – Phang declared himself eligible for section 1172.6 relief. He asserted that he was charged and convicted of murder under either the felony murder law or the natural and probable consequences doctrine; that he could not currently be convicted of first degree felony murder because of changes to section 189 as he was not the actual killer, did not aid and abet the actual killer in the commission of murder in the first degree, and was not a major participant in the felony or did not act with reckless indifference to human life in the course of the murder; that the victim was not a peace officer; and that he could not currently be convicted of second degree murder under the natural and probable consequences doctrine because of the changes to section 188. The trial court appointed counsel and set the matter for a status review hearing.

The prosecution moved to dismiss the petition on the grounds that the resentencing statute was unconstitutional. Following a hearing, the court ruled the statute constitutional and denied the motion to dismiss. The

3

prosecution then filed an opposition to the resentencing petition based "on the merits of his case, the facts adduced at trial, and the theories of liability the jury used to convict" Phang. In September 2020, following another hearing, the court denied the petition. The court stated at the hearing: "I have reviewed all the documents at this time. I'm finding that no prima faci[e] has been stated for relief and the petition is going to be denied." The court's minutes read: "The Court does not find prima facie and denies petition[.]"

In September 2021, Phang filed a second petition for resentencing identical to his first. In February 2022, the court denied the second petition in a written order which stated Phang alleged no new fact or law to support resentencing and had not made a prima facie case showing his entitlement to resentencing.

On April 12, 2022, Phang filed a notice of appeal, but the trial court marked it "inoperative." This court reviewed the matter and in May 2022 issued an order which concluded that the trial court's February 2022 order denying Phang's resentencing petition was appealable, and the appeal could proceed. After Phang's opening brief and the People's respondent brief were filed, Phang informed the court he would not file a reply brief considering the concession made by the People in their brief.

## DISCUSSION

Phang argues that he made a prima facie case for relief which entitled him to an order to show cause and an evidentiary hearing on his resentencing petition. The People agree the matter should be remanded so that an order to show cause can be issued and an evidentiary hearing scheduled. We also agree.

4

Senate Bill No. 1437 ("SB 1437"), effective January 1, 2019, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, the bill amended section 188, subdivision (a)(3), to require that all principals to murder must act with express or implied malice to be convicted of that crime, with the exception of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2.) For a felony murder conviction under section 189, subdivision (a), the bill required that the defendant be the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3.)

SB 1437 also created section 1172.6, which established a procedure for defendants already convicted of murder under the old law to seek resentencing in the trial court if they believe that they could not be convicted of that crime given the above amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4.)

Section 1172.6, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based

5

solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a).)

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether the petitioner requests appointment of counsel.  (§ 1172.6, subd. (b).)

Section 1172.6, subdivision (c), which establishes how the court must handle the petition, reads in relevant part: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response.  The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. . . .  After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (§ 1172.6, subd. (c).)

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the California Supreme Court explained the standard for determining the existence of a prima facie case: "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to

6

distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process. [Citation.] [¶] While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited." (*Id.* at p. 971.)

The Supreme Court further instructed: " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) The court noted that "the 'prima facie bar was intentionally and correctly set very low.' " (*Ibid.*)[3]

---

[3] Prior to being renumbered section 1172.6, Senate Bill No. 775, which took effect on January 1, 2022, amended former section 1170.95 to codify certain holdings of *Lewis*, including the standard for determining the existence of a prima facie case. (Stats. 2021, ch. 551, § 1, subd. (b).)

The People acknowledge that the petition on its face appeared to state a prima facie case for resentencing. We agree the petition was facially sufficient and alleged the essential facts necessary for issuance of an order to show cause and an evidentiary hearing under section 1172.6, subdivision (c).[4]

There was nothing in the record before us that demonstrated Phang was ineligible for relief as a matter of law. "[T]he court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law.* ' "[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,' " ' thereby deeming the petitioner ineligible. [Citation.] For example, if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) Neither party identifies anything in the record demonstrating such ineligibility as a matter of law.

Nor was there anything in the record before the trial court that set forth facts conclusively refuting the allegations in Phang's resentencing petition. Phang describes the record as "skimpy." The People observe that

---

[4] We echo both Phang and the People's observations that the trial court did not provide "a statement fully setting forth its reasons" for finding that Phang had not established a prima facie case for resentencing. (§ 1172.6, subd. (c).) The court addressing his first petition simply commented that the court had "reviewed all the documents" and found no prima facie case had been made. After noting that the prior court had found no prima facie ground as to Phang's first petition, the court addressing the second petition stated Phang had not alleged any new facts or law to support resentencing before reaching its finding that Phang had not made the prima facie showing. Neither amounts to a statement of reasons and leaves this court unclear on the basis for the court's findings that Phang had not made a prima facie case for relief.

8

aside from Phang's resentencing petition, "the only 'documents' before the court . . . were the prosecutor's recitation of her review of the facts" from the record in the 1988 case, but "[t]he documents relied upon by the prosecutor are not in the record in this case." Based on this recitation, the prosecutor attempted to show Phang was a major participant in Fong's murder who acted with reckless indifference in the underlying robbery and was thus ineligible for resentencing pursuant to section 189, subdivision (e)(3). But the People acknowledge that "there were no documents before the superior court upon which it could base such a finding" of ineligibility on these grounds. Since the record before the trial court did not refute the allegations in Phang's petition, denying him relief at the prima facie stage on such grounds was also improper.

In light of the above, the trial court should have issued an order to show cause and conducted a hearing pursuant to section 1172.6, subdivision (d). Accordingly, we will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause and hold further proceedings pursuant to section 1172.6, subdivision (d). We express no opinion on the appropriate outcome.

## DISPOSITION

The trial court's order denying Phang's petition for resentencing is reversed. The matter is remanded to the trial court to issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

9

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

A165099/*People v. Phang*

10